UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohammad Amin DAWLATZAI,<br><br>                              Petitioner,<br><br>v.<br><br>Christopher J. LaROSE, et al.,<br><br>                              Respondents. | Case No.:  26-cv-0850-AGS-DDL<br><br>**ORDER REQUIRING RESPONSE** |

Unrepresented petitioner Mohammad Dawlatzai seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. (*See* ECF 1.) At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Dawlatzai's petition is thin on details. He claims to have been in "immigration custody" since "June/05/2025." (ECF 1, at 4.) But he doesn't explain the circumstances or basis for that custody. (*See generally id.*) Instead, he alleges constitutional injury from "[b]eing detained by ICE while applying for Aslyum" for "close to eight months with [a] high possibility of further long extended detainment," which he says violates his rights under the "Fifth Amendment due process clause." (*Id.* at 2, 6.)

Despite the lack of detail, this claim is not frivolous. After all, some courts have concluded that prolonged detention can violate due process, even for arriving aliens subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Kydyrali v. Wolf*,

1

499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Thus, the government must answer.

By **February 20, 2026**, respondents must file their return. Petitioner may file any traverse by **February 25, 2026**. The Court will hold oral arguments on **March 3, 2026**, at **4:00 p.m.** Respondents' counsel must coordinate petitioner's participation in oral argument by videoconference or, if that's unavailable, by telephone. The government will ensure that a member of the facility staff remains with petitioner during the proceeding to assist with any unforeseen issues.

Dated:  February 13, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

26-cv-0850-AGS-DDL