

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD AMIN DAWLATZAI , | Case No.:  26-cv-850-BJC-DDL |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; et al., | |
| Respondents. | |

Before the Court is Mohammad Amin Dawlatzai's ("Petitioner") petition for a writ of habeas corpus that was filed on February 10, 2026.  ECF No. 1.  For the reasons stated below, the Court **GRANTS** the petition.

## I.     BACKGROUND

Petitioner is a native and citizen of Afghanistan who entered the United States from Mexico on June 5, 2025.  ECF No. 4 at 1.  At that time, he did not possess valid documents to enter the United States.  *Id*.  He was determined to be an arriving alien inadmissible

1

under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and was taken into Immigration and Customs Enforcement ("ICE") custody pursuant to 8 U.S.C. § 1225(b). *Id.* at 2. He was then issued a Notice and Order of Expedited Removal, which initiated removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.*

On February 10, 2026, Petitioner filed a writ of habeas corpus, ECF No. 1, and on February 20, 2026, Respondents filed a return. ECF No. 4. On March 3, 2026, this Court held a hearing. ECF No. 8. Petitioner filed an amended petition on March 20, 2026. ECF No. 10. On April 27, 2026, Petitioner appeared before an immigration judge and was granted asylum. ECF No. 16 at 1. The Government reserved its right to appeal, however, and Petitioner therefore remains in detention. *Id.* at 2.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.   DISCUSSION

### A.   Jurisdiction

Under 8 U.S.C. § 1252(g), except as otherwise stated, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has made clear, however, that § 1252(g) must be read "narrowly" as to apply "only to three discrete actions

2

that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, at \*6, \*14–15 (9th Cir. Aug. 27, 2025) (emphasis in original). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at \*18. Specifically, § 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1032 (9th Cir. 1998). "[The plaintiffs'] objective was not to obtain judicial review of the merits of their . . . proceedings, but rather to enforce their constitutional rights to due process in the context of those proceedings." *Id.* at 1052.

The Court concludes that it has jurisdiction. Petitioner is not challenging Respondents' decision to execute a removal order, which would bar this Court's review. Instead, he challenges the legality of his detention based on alleged violations of statutory, regulatory, and constitutional duties. Such claims fall squarely within the Court's habeas authority. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."); *accord Kong v. United States*, 62 F.4th 608, 617 (1st Cir. 2023) (interpreting 1252(g) to allow jurisdiction over detention challenges).

**B.      Constitutional Right Against Prolonged Mandatory Detention**

Indefinite prolonged detention of an alien raises due process concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights. *See Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at \*3 (S.D. Cal. Sept. 26, 2025) (listing cases).

26-cv-850-BJC-DDL

This Court finds the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022), provides an appropriate assessment of the possible constitutional implications of Petitioner's ongoing detention without a bond hearing. The *Lopez* three-factor test includes an evaluation of (1) the total length of detention, (2) the likely duration of future detention, and (3) delays in the removal proceedings caused by the petitioner and the government. *Id.*

Applying these factors, the Court concludes that Petitioner's detention has become unconstitutionally prolonged. Petitioner has been detained for eleven months—well within the range that courts have found unconstitutional without a bond hearing. *See, e.g., Amado v. United States Dep't of Just.*, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (finding detention for over seven months weighs in favor of the petitioner).

Second, the anticipated duration of Petitioner's future detention weighs strongly in his favor. On April 27, 2026, Petitioner appeared before an immigration judge and was granted asylum. ECF No. 16 at 1. Although the immigration judge determined that Petitioner was entitled to relief, the Government reserved its right to appeal that decision, and Petitioner therefore remains detained. *Id.* at 2. Any appeal by the Government to the Board of Immigration Appeals would necessarily prolong these proceedings, and any judicial proceedings could extend Petitioner's detention even further. Accordingly, despite having prevailed before the immigration judge, Petitioner faces the prospect of continued and potentially lengthy detention with no definite end in sight.

Third, the delay factor also favors Petitioner. Respondents offer no explanation for the nearly eleven-month period between Petitioner's entry into the United States on June 5, 2025, ECF No. 4 at 1, and his immigration hearing on April 27, 2026, ECF No. 16 at 1. Nothing in the record suggests that Petitioner caused or meaningfully contributed to this delay. Rather, the delay appears attributable solely to the ordinary pace of immigration proceedings and the Government's administration of the case. *See generally id.* at 1-2.

Such routine administrative delay does not justify prolonged detention without an individualized bond hearing.

Accordingly, after examining the factors set forth in *Lopez v. Garland*, the Court concludes that the length of Petitioner's detention, the likelihood of further delay, and the absence of any evidence that Petitioner caused the delays together demonstrate that continued detention without an individualized bond hearing violates due process.

## IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**.

2. Respondents shall immediately release Petitioner.

3. Respondents are **ENJOINED** from re-detaining Petitioner without first following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4. The Clerk of Court shall close this matter.

Dated:  May 12, 2026

Bryan Cheeks

_____
Honorable Benjamin J. Cheeks
United States District Judge

26-cv-850-BJC-DDL